## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

SUN LIFE ASSURANCE COMPANY )
OF CANADA, )
                        )
      Plaintiffs,         )    C.A. No. N17C-08-331 MMJ CCLD
                        )
      v.                   )
                        )
WILMINGTON TRUST, NATIONAL )
ASSOCIATION, as Securities )
Intermediary, and GREGG GOTTLIEB, )
                        )
      Defendants.       )

Submitted: May 17, 2018
Decided: August 9, 2018

## OPINION

Joseph J. Bellew, Esq., Joseph Kelleher, Esq. (argued), Michael J. Miller, Esq., Charles J. Vinicombe, Esq., Gregory J. Star, Esq., Cozen O'Connor, Attorneys for Plaintiff Sun Life Assurance Company of Canada

Harry S. Davis, Esq. (argued), Robert E. Griffin, Esq., Schulte Roth & Zabel LLP, Kevin G. Abrams, Esq., John M. Seaman, Esq., E. Wade Houston, Esq., Abrams & Bayliss LLP, Attorneys for Defendant Wilmington Trust, National Association, as Securities Intermediary

**JOHNSTON, J.**

## FACTUAL AND PROCEDURAL CONTEXT

This is an action for declaratory judgment involving a life insurance policy.

Plaintiff Sun Life Assurance Company of Canada ("Sun Life") sold a New York

businessman a $10 million life insurance policy, which was held by the businessman

in a trust. The trust sold the policy in the life insurance settlements market, where it was eventually transferred to Wilmington Trust, National Association, ("Wilmington Trust"), one of the defendants in this case. When the original policy holder died, Wilmington Trust notified Sun Life of the death and began the steps necessary to collect the claim. Sun Life then initiated this action.

In its complaint, Sun Life alleges that the policy was a stranger oriented life insurance policy, known as a STOLI. It seeks a declaratory judgment that the policy was void *ab initio* as an illegal wager on human life. Sun Life asserts that the trust was an illegitimate cover for this wager. Therefore, the trust lacked both an insurable interest in the policy and the capacity to form a contract. Sun Life also brings four claims solely against the producer of the policy, defendant Gregg Gottlieb: fraudulent inducement, fraud, negligent misrepresentation, and breach of contract.

The Defendants argue that the policy is valid. Defendants have alleged four counterclaims as a result of Sun Life's nonpayment: breach of contract, breach of the implied covenant of good faith and fair dealing, a violation of a Massachusetts law prohibiting unfair and deceptive trade practices, and promissory estoppel. Defendants also asserted six affirmative defenses in their answer: failure to state a claim, statute of limitations and incontestability, laches, waiver and estoppel, unclean hands, and lack of standing.

Sun Life has moved to dismiss each of the counterclaims and to strike all of

2

the affirmative defenses except for failure to state a claim.

## MOTION TO STRIKE AND
## MOTION TO DISMISS STANDARD

Superior Court Civil Rule 12(f) permits the Court to strike "any insufficient defense" or "redundant, immaterial, impertinent or scandalous matter."[1] The movant must show "clearly and without doubt that the matter sought to be stricken has no bearing on the . . . litigation."[2] Because motions to strike are disfavored in Delaware, they are "granted sparingly" and only where "clearly warranted, with [any] doubt ... resolved in favor of the pleadings."[3]

In a Rule 12(b)(6) motion to dismiss, the Court must determine whether the claimant "may recover under any reasonably conceivable set of circumstances susceptible of proof."[4] The Court must accept as true all well-pleaded allegations.[5] Every reasonable factual inference will be drawn in the non-moving party's favor.[6] If the claimant may recover under that standard of review, the Court must deny the motion to dismiss.[7]

---

[1] Super. Ct. Civil R. 12(f).
[2] *In re Estate of Cornelius*, 2002 WL 1732374, at *4 (Del. Ch.).
[3] *O'Neill v. AFS Hldgs., LLC*, 2014 WL 626031, at *5 (Del. Super.).
[4] *Spence v. Funk*, 396 A.2d 967, 968 (Del.1978).
[5] *Id.*
[6] *Wilmington Sav. Fund. Soc'v, F.S.B. v. Anderson*, 2009 WL 597268, at *2 (Del. Super.) (citing *Doe v. Cahill*, 884 A.2d 451, 458 (Del. 2005)).
[7] *Spence*, 396 A.2d at 968.

3

## ANALYSIS

### Motion to Dismiss Counterclaims

Sun Life argues that the Court should dismiss Wilmington Trust's breach of contract and breach of the duty of good faith counterclaims because seeking a declaratory judgment as to whether a death benefit is valid and payable does not breach either of these obligations. It argues that the Court should dismiss the counterclaim for a violation of Massachusetts' law regarding deceptive and unfair trade practices because the "center of gravity" of the allegations in the complaint is not in Massachusetts. Finally, Sun Life argues that the Court should dismiss Wilmington Trust's promissory estoppel counterclaim because the policy was void *ab initio*.

The resolution of both motions primarily hinges on the interpretation and applicability of recent decisions cited by the parties regarding the effect of a void life insurance policy on the viability of claims related to the contract.

The foundational case in this area is *PHL Variable Insurance Company v. Price Dawe 2006 Insurance Trust, ex rel. Christiana Bank & Trust Co.*[8] *Dawe* is commonly cited for its holding that "a life insurance policy lacking an insurable interest is void against public policy and thus never comes into force . . . ."[9] More

---

[8] 28 A.3d 1059 (Del. 2011).
[9] *Id.* at 1065.

germane to the motion before the Court is *Dawe*'s holding that "an insurer can challenge the enforceability of a life insurance contract after the incontestability period where a lack of insurable interest voids the contract."[10]

*Dawe*'s procedural posture, however, is not completely parallel to this case. The court in *Dawe* issued its ruling in response to a certified question on contestability, not on a motion to dismiss counterclaims. Three federal district court cases subsequent to *Dawe* dealt with claims related to alleged STOLIs.

In *PHL Variable Insurance Company v. ESF QIF Trust*,[11] the court addressed a motion to dismiss counterclaims alleging a violation of the Delaware Consumer Fraud Act, a breach of the duty of good faith and fair dealing, breach of contract, fraud, negligent misrepresentation, and promissory estoppel.[12] The court granted dismissal of the Delaware Consumer Fraud Act claim, which was voluntarily withdrawn, and the breach of the duty of good faith and fair dealing claim, because only a breach of an express contract term was alleged.[13] The court held that all other counterclaims were adequately pled.

In *Wilmington Savings Fund Society, FSB v. PHL Variable Insurance Company*,[14] the Court addressed a motion to dismiss a second amended complaint

---

[10] *Id.* at 1068.
[11] 2013 WL 6869803 (D. Del.).
[12] *Id.* at *9.
[13] *Id.* at *8.
[14] 2014 WL 1389974 (D. Del.).

which contained claims equivalent to Wilmington Trust's counterclaims in this case. The court dismissed a fraud claim for a lack of specificity and dismissed claims for a breach of the duty of good faith and fair dealing as "simply repackaged breach of contract claims."[15] Most significantly, citing *Dawe*, the court also dismissed a promissory estoppel claim, holding that any policy that is declared void *ab initio* may not be enforced through estoppel.[16]

Finally, in *Penn Life Mutual Life Insurance Company v. Espinosa*,[17] the court granted a motion to amend an answer and counterclaims to assert breach of contract and a breach of the duty of good faith and fair dealings claims. The court held that it was not

> persuaded that it will be inefficient, under the circumstances presented here to litigate the validity and enforceability of the . . . policy at the same time the parties are litigating whether Penn Mutual has breached any contractual obligations under that policy and/or acted in bad faith. The Espinosa Trust's claims cannot be found, at this stage, to be futile based merely on Penn Mutual's denial of the Espinosa Trust's allegations, which must at this point be taken as true.[18]

This Court finds that these District Court cases can be reconciled with the Delaware Supreme Court's decision in *Dawe*. *Dawe* simply stands for the general principle that there can be no contractual prohibition contesting enforceability when

---

[15] *Id.* at *11.
[16] *Id.* at *12.
[17] 70 F. Supp. 3d 628 (D. Del.).
[18] *Id.* at 633.

the agreement is void *ab initio*. This rule does not, however, require dismissal of all counterclaims based on the contract. The federal cases demonstrate that the proper course of action is to evaluate each claim or counterclaim individually for sufficiency of pleading, without regard to the opponent's argument that the contract is void.

The exception, as enunciated in *Wilmington Savings Fund*, is for an estoppel claim. Logically, if the contract is found to be valid, estoppel would no longer be an available claim.[19] If the contract is instead void *ab initio*, *Dawe* prohibits asserting estoppel as well.[20] Accordingly, the instant motion to dismiss the counterclaims is granted in regard to the promissory estoppel claim.

The motion to dismiss the counterclaims is denied in regard to all the other counterclaims. The Court holds that the breach of contract and the breach of the implied covenant of good faith and fair dealing are sufficiently pled. As for the Massachusetts unfair and deceptive trade practices claim, assuming all facts in the light most favorable to the non-moving party, there are too many issues of fact surrounding the "center of gravity" grounds asserted by Sun Life to dismiss this claim at the pleading stage.

---

[19] *See SIGA Technologies, Inc. v. PharAthene, Inc.*, 67 A.3d 330, 348 (Del. 2013) ("Promissory estoppel does not apply, however, where a fully integrated, enforceable contract governs the promise at issue.").

[20] *Wilmington Savings Fund*, 2014 WL 1389974, at *11.

## Motion to Strike Affirmative Defenses

Sun Life has moved to strike Wilmington Trust's affirmative defenses of statute of limitations and incontestability, laches, waiver and estoppel, unclean hands, and lack of standing.

The Court denies the motion to strike as to standing. Wilmington Trust is entitled to argue that Sun Life lacks the standing to attack the validity of the trust itself, but not the policy.

The Court denies the motion to strike the statute of limitations and incontestability defense at this time. Limited discovery is needed to determine whether New York or Delaware law applies.

The Court grants the motion to strike the equitable defenses of laches, waiver and estoppel, and unclean hands. The estoppel defense is stricken for the same reason the promissory estoppel counterclaim is dismissed—"a contract that is void *ab initio* may not be enforced equitably through estoppel . . . ."[21] Further, this Court lacks jurisdiction to consider the laches and unclean hands defenses. Such equitable claims are reserved for the Court of Chancery.[22]

---

[21] *Wilmington Savings Fund*, 2014 WL 1389974, at *12.

[22] *Prospect Street Energy, LLC v. Bhargava*, 2016 WL 446202, at *3 (Del. Super.) ("Dismissal is proper where a claim amounts to a 'purely equitable cause of action' because the 'Superior Court's jurisdiction lies in matters of law, as opposed to the Court of Chancery's jurisdiction, which lies in matters of equity.'") (quoting *Dickerson v. Murray*, 2015 WL 447607, at *2–3 (Del. Super.)); *Mine Safety Appliances Company v. AIU Insurance Company*, 2016 WL 498848, at *12 (Del. Super.) ("Laches is an equitable defense that is not available in the Superior Court, which is a court of law.").

## CONCLUSION

Sun Life's Motion to Dismiss Counterclaims is hereby **GRANTED IN PART AND DENIED IN PART**. The breach of contract, breach of implied covenant of good faith and fair dealing claims, and Massachusetts unfair and deceptive trade practices claim are sufficiently pled. The promissory estoppel counterclaim is dismissed because it is not an available counterclaim against an allegedly void *ab initio* contract.

Sun Life's Motion to Strike Affirmative Defenses is hereby **GRANTED IN PART AND DENIED IN PART**. The motion is granted as to the equitable defenses of laches, waiver and estoppel, and unclean hands because this Court lacks jurisdiction. The motion is denied for the affirmative defenses of a lack of standing and statute of limitations and incontestability.

**IT IS SO ORDERED.**

_____
The Honorable Mary M. Johnston

9